UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THERESA L. SCHULTZ, CST
3680 Osborne Road
Racine, Wisconsin 53405,

JAMI L. BUCHANAN, RN
N2240 Holy Hill Drive
Greenville, Wisconsin 54942,

and                                                    Case No. 2:22-CV-1562

JAMIE S. WEIR, RN
W5289 Oak Tree Court
Princeton, Wisconsin 54968,

               Plaintiffs,

       v.

ASCENSION WISCONSIN
400 West Riverwoods Pkwy
Glendale, WI 53212,

ASCENSION
4600 Edmundson Rd
St. Louis, MO 63134,

ASCENSION ALL SAINTS HOSPITAL
3801 Spring Street
Racine, WI 53405,

ASCENSION SAINT ELIZABETH HOSPITAL
1506 South Oneida Street
Appleton, Wisconsin 54915,

     and

ASCENSION MEDICAL GROUP – NINTH AVENUE
2700 West Ninth Avenue
Oshkosh, Wisconsin 54904,

              Defendants.

1

## COMPLAINT

Plaintiffs, Theresa L. Schultz, Jami L. Buchanan, and Jamie S. Weir, by and through their undersigned counsel, bring this Complaint against the Defendants, Ascension, Ascension Wisconsin, Ascension All Saints Hospital, Ascension Saint Elizabeth Hospital, and Ascension Medical Group – Ninth Avenue. In support, Plaintiffs allege as follows:

## INTRODUCTION

1.     This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 to 111.395), and the common law tort of Wrongful Termination in Violation of Public Policy. The gravamen of this Compliant is that Defendants refused to accommodate, otherwise discriminated against, and subsequently suspended Plaintiffs without pay because they requested religious accommodation from Defendants' policy of mandatory COVID-19 vaccination. Defendants knew or should have reasonably known that Plaintiffs held religious beliefs because they asserted them. Defendants nevertheless failed to provide an interactive process to ascertain their beliefs and entertain possible accommodations. Instead, Defendants suspended Plaintiffs without pay and threatened termination. Approximately six weeks into the unpaid suspension, Defendants requested Plaintiffs return to work without requiring any unique protocol to accommodate her religious beliefs, demonstrating their religious exemption did not pose an undue hardship and the unpaid suspension was unwarranted.

2

**JURISDICTION AND VENUE**

2.	This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiffs' related claims arising from corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy. Venue is proper in the Eastern District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3), in that all Defendants maintain significant operations within the Eastern District. This case is appropriate for the assignment in the Milwaukee Division as the principal office of all Defendants is Ascension Wisconsin located at 400 West Riverwoods Pkwy, Glendale, Wisconsin 53212, and Defendant Ascension All Saints Hospital ("Ascension All Saints") is located at 3801 Spring Street, Racine, Wisconsin 53405.

**PARTIES**

3.	Plaintiff Therese L. Schultz is a lifelong Christian, raised Catholic and rededicating her life to God in 1997, becoming a Non-denominational Christian in 1997. Ms. Schultz devoted her life to service to others through a 26-year in healthcare as a Certified Surgical Technologist (CST). Ms. Schultz was hired by Defendant Ascension All Saints Hospital in January 2001, performing as an exemplary employee. Ms. Schultz' sincerely held Christian beliefs of bodily integrity and sanctity of conscience prohibit her from receiving any of the available COVID-19 vaccinations.

4.	Plaintiff Jami L. Buchanan is a Christian. Ms. Buchanan devoted her life to service to others through a career as a registered nurse (RN). Ms. Buchanan was hired by Defendant Ascension St. Elizabeth Hospital, performing as an exemplary contract employee. Ms.

3

Buchanan's sincerely held Christian beliefs of bodily integrity, sanctity of conscience, and sanctity of life prohibit her from receiving any of the available COVID-19 vaccinations.

5.      Plaintiff Jamie S. Weir is a baptized Lutheran, raised in the faith. Through prayerful discernment, Ms. Weir now identifies as a Non-denominational Christian. Ms. Wier devoted her life to service to others through a career in healthcare as a RN. Ms. Wier was hired by Defendant Ascension Medical Group – Ninth Avenue in 2008, performing as an exemplary employee. Ms. Wier's sincerely held Christian beliefs of bodily integrity, sanctity of conscience, and sanctity of life prohibit her from receiving any of the available COVID-19 vaccinations.

6.      Upon information and belief, Defendant Ascension Wisconsin is a healthcare organization operating 24 hospital campuses, more than 100 related healthcare facilities and employs more than 1,300 primary and specialty care clinicians from Racine, Wisconsin to Eagle River, Wisconsin. Ascension Wisconsin is an "employer" within the meaning of 42 U.S.C. § 2000e. Defendant Ascension is the state headquarters for Defendants Ascension, Ascension All Saints All Saints Hospital, Ascension St. Elizabeth Hospital, and Ascension Medical Group – Ninth Avenue.

7.      Upon Information and belief, Defendant Ascension is a national health system that operates more than 2,600 sites of care – including 143 hospitals and more than 40 senior living facilities – in 19 states and the District of Columbia, while providing a variety of services including clinical and network services, venture capital investing, investment management, biomedical engineering, facilities management, risk management, and contracting through Ascension's own group purchasing organization. Ascension serves as the national headquarters for Defendants Ascension Wisconsin, Ascension All Saints Hospital, Ascension St. Elizabeth Hospital, and Ascension Medical Group – Ninth Avenue.

8. Upon information and belief Defendant Ascension All Saints is a 356-bed community hospital located in Racine, Wisconsin. Ascension All Saints is an "employer" within the meaning of 42 U.S.C. § 2000e. Ascension All Saints operates with Defendants Ascension Wisconsin and Ascension.

9. Upon information and belief Defendant Ascension St. Elizabeth Hospital is a 24/7 emergency care hospital delivering specialty care and level III trauma care. Ascension St. Elizabeth is an "employer" within the meaning of 42 U.S.C. § 2000e. Ascension St. Elizabeth operates with Defendants Ascension Wisconsin and Ascension.

10. Upon information and belief Defendant Ascension Medical Group – Ninth Avenue is a clinic that provides primary and specialty care for all ages. Ascension Medical Group – Ninth Avenue is an "employer" within the meaning of 42 U.S.C. § 2000e. Ascension Medical Group operates with Defendants Ascension Wisconsin and Ascension.

## FACTUAL BACKGROUND

11. Plaintiffs hold sincerely held religious beliefs of sanctity of conscience, bodily integrity, and sanctity of life that prohibit them from receiving COVID-19 vaccination.

12. On or about August 4, 2021, Ascension announced a mandatory COVID-19 vaccination policy. As part of its policy, Ascension purported to provide employees with the opportunity to seek religious or medical exemptions, with the compliance deadline of November 12, 2021.

13. On August 19, 2021, Joseph R. Impecche, President and Chief Executive Officer of Ascension, sent an email to all Ascension employees, Catholic or not, entitled "Pope Francis: COVID-19 vaccination an 'act of love' and 'moral obligation'. Mr. Impicciche's email asserted there is a moral obligation to be injected with COVID-19 vaccines.

14. In order to submit a request for a religious exemption for the mandatory COVID-19 vaccination policy, Defendants required employees to use an online request form, with drop down answers. The deadline for submitting an online religious exemption form was October 1, 2021.

15. Before completing the form, employees were required to watch a video entitled "COVID-19 Myths and Facts".

16. In order to submit the online form, employees were required to answer about their religious affiliation, their religious beliefs contrary to vaccination, and how the vaccine violated their moral conscience. Employees were also required to check "I agree" to a statement which claimed assent to "voluntary resignation" for noncompliance of becoming "fully vaccinated" by November 12, 2021, in accordance with the COVID-19 mandatory vaccination policy.

17. Each Plaintiff timely filed a completed online form for a religious accommodation for the COVID-19 vaccination, detailing their sincerely held religious beliefs grounded in their Christian faith. Plaintiffs' requests for religious exemptions serve as Exhibit One of this Complaint.

18. Each Plaintiff received the same automated email reply by Ascension's Service Desk ("Service Desk") acknowledging the submission of their requests for religious accommodation. It is uncertain where the Service Desk is located in the national Ascension network and who serves on the Exemption Review Committee.

19. Each Plaintiff received the same automated email by the Service Desk denying their request for religious accommodation.

20. Each Plaintiff appealed the denial of their religious accommodation to the Service Desk, providing additional information on their religious beliefs and practices. Neither Plaintiff

6

was provided a contact person to interact with regarding their sincerely held religious beliefs and possible accommodations.

21.     Each Plaintiff's appeal was summarily denied by another automated reply from the Service Desk.

22.     On or about November 12, 2021, Defendants placed Plaintiffs on unpaid suspension for failing to comply with the mandatory COVID-19 vaccination policy.

23.     As a result of the unpaid suspension, Plaintiffs suffered damages, including financial losses.

24.     Each Plaintiff filed a discrimination claim against Ascension with the Equal Rights Division (ERD) of the Wisconsin Department of Workforce Development (DWD).

25.     Approximately six weeks after the unpaid suspension was enforced on November 12, 2021, Defendants requested Plaintiffs return to work without requiring any protocol to accommodate her religious beliefs and practices regarding COVID-19 vaccination, demonstrating the unpaid suspension was unwarranted.

26.     By their counsel, Plaintiffs received a "Right to Sue" letter from the U.S. Equal Employment Opportunity Commission (EEOC) for her claim on October 3, 2022. The letters serve as Exhibit Two of this complaint.

## FIRST CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Adverse Employment Action based on Religion Against Defendants

1.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

2.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge

7

any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

3. Plaintiffs were always relevant herein employees and applicants covered by 42 U.S.C. §2000e, et seq., prohibiting discrimination in employment based on religion. Defendants were always herein employers for purposes of 42 U.S.C. § 200e, et seq.

4. Plaintiffs hold deep sincere religious objections to receiving COVID-19 vaccination.

5. Although Plaintiffs informed Defendants of their faith and practices, Defendants disregarded Plaintiffs' sincere religious beliefs which conflicted with receiving the COVID-19 vaccine.

6. Defendants refused to converse or interact with Plaintiffs regarding their faith to further understand their beliefs and religious practices.

7. Plaintiffs' religious accommodation requests were denied without Defendants exploring any alternatives that might have been available to accommodate their religious beliefs.

8. Plaintiffs' religious beliefs and practices were therefore a motivating factor in placing each on unpaid suspension.

9. Plaintiffs suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

8

10.     Defendants intentionally violated Plaintiffs' rights under Title VII.

11.     Plaintiffs are entitled to lost wages, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendants violated their rights under Title VII, and an injunction preventing Defendants from enforcing their discriminatory policies.

12.     Plaintiffs are entitled to further relief as set forth below in their Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Failure to Provide Religious Accommodation Against Defendants**

13.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

14.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

15.     Plaintiffs suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

16.     Plaintiffs are entitled to lost wages, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendants violated their rights under Title VII, and an injunction preventing Defendants from further enforcing their discriminatory practices.

17.     Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 – 111.395)**
**Discrimination based on Religious Creed Against Defendants**

9

18.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

19.     Under the WFEA, it is further unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of the employee's religious creed.

20.     Plaintiffs were always relevant herein employees for purposes of the WFEA.

21.     Defendants were always relevant herein employers for purposes of the WFEA.

22.     Plaintiffs were always relevant herein a member of a protected class.

23.     The WFEA broadly defines creed to include all aspects of observance and practice.

24.     Defendants intentionally discriminated against Plaintiffs by making adverse employment decisions against her – by multiple threats of forced resignation and placing Plaintiffs on unpaid suspension, permanently marring their exemplary service throughout the COVID-19 pandemic and their tenure with Defendants.

25.     Defendants demonstrated discriminatory animus toward Plaintiffs by showing callous indifference toward their sincerely held religious beliefs and inflicting an adverse employment action of unpaid suspension without considering or providing any alternative after denying Plaintiffs' requests for religious accommodation, denying an interactive process. Defendants discriminated against Plaintiffs based on their religious creed.

26.     Defendants intentionally violated Plaintiffs' rights under the WFEA.

27.     Plaintiffs suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

28. Plaintiffs are entitled to lost wages, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendant violated their rights under the WFEA, and an injunction preventing Defendants from enforcing their discriminatory practices.

29. Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## FOURTH CAUSE OF ACTION

### Wrongful Suspension in Violation of Public Policy
### Common Law Tort Against Defendant

30. Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

31. Plaintiffs were always relevant herein individuals and employees for purposes of 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment.

32. Defendants were always relevant herein employers for purposes of 42 U.S.C. § 2000e, et seq.

33. As Christians, Plaintiffs were always relevant herein members of a protected class for purposes of 42 U.S.C. § 2000e, et seq.

34. Defendants were aware of Plaintiffs' sincere religious beliefs and practices.

35. Plaintiffs were always relevant herein individuals and employees for purposes of the WFEA, prohibiting discrimination in employment.

36. Defendants were always relevant herein employers for purposes of the WFEA.

37. As a Christians, Plaintiffs were always relevant herein members of a protected class for purposes of the WEFA.

38. Defendants were aware of Plaintiffs' sincere religious beliefs and practices.

11

39. Wis. Stat. § 111.31 (3) states, "It is declared to be the public policy of the state to encourage and foster to the fullest extent practicable the employment of all properly qualified individuals regardless of age, race, creed."

40. Wis. Stat. § 111.31 (5) further states, " the prohibition of discrimination on the basis of creed under s. 111.337 is a matter of statewide concern."

41. Plaintiffs felt bullied into getting the vaccine, causing anxiety and stress due to Defendants forcing them to choose between their deeply held religious beliefs, and their financial livelihood.

42. Plaintiffs were placed on unpaid suspension for requesting religious accommodations in compliance with both Title VII of the Civil Rights Act of 1964, and the WFEA (Wis. Stat §§ 111.31 to 111.395).

43. Defendants refused to explore available reasonable alternatives to allow Plaintiffs to do their jobs. Defendants refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiffs to accommodate their sincerely held religious beliefs.

44. Defendants' refusal to accommodate, or even explore any kind of accommodation of Plaintiffs' religious beliefs, was a substantial motivating factor in Defendants' decision to deprive Plaintiffs of employment, placing them on unpaid suspension.

45. Defendants intentionally violated Plaintiffs rights under the Title VII.

46. Plaintiffs' religious beliefs and practices were therefore a motivating factor in placing them on unpaid suspension.

47. At the time of Plaintiffs' unpaid suspensions, the COVID-19 vaccinations were demonstrating ineffectiveness against the Delta and Omicron variants.

48. At the time of Plaintiffs' unpaid suspension, it was evident that Defendants, Defendants' affiliates, the State of Wisconsin, and the nation were experiencing severe employee shortages in healthcare organizations, particularly with Registered Nurses.

49. There were no valid reasons whatsoever for placing Plaintiffs on unpaid suspension, other than denial of Plaintiffs' requests for religious exemption.

50. Plaintiffs suffered significant damages because of Defendants' unlawful discriminatory actions, including emotional distress, lost wages and benefits, and the costs of bringing this action.

51. Defendants intentionally violated Plaintiffs' rights under Title VII and the WFEA with malice and reckless indifference.

52. Plaintiffs are entitled to lost wages, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendants violated their rights under the WFEA and Title VII, and an injunction preventing Defendants from further enforcing their discriminatory practices.

53. Plaintiffs are entitled to further relief as set forth in her Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray this Court grants relief as follows:

A. Award Plaintiffs backpay, including past loss wages and benefits, plus interest;

B. Award Plaintiffs other and further compensatory damages in an amount according to proof;

C. Award Plaintiffs noneconomic damages, including but not limited to mental health suffrage;

D. Award Plaintiffs reasonable attorneys' fees and costs of suit.

E.  Award Plaintiffs punitive damages;

F.  Enjoin Defendants from enforcing their discriminatory policies;

G.  Declare that Defendants have violated Title VII of the Civil Rights Act and the WFEA;

    and

H.  Grant Plaintiffs such additional or alternative relief as the Court deems just and proper.

Dated: December 29, 2022

/s/ Carol Lee Ferrero
Carol Lee Ferrero
Pacific Justice Institute
9714 North Valley Hill Drive
Mequon, Wisconsin 53092
Phone: 262-227-7203
cferrero@pji.org

*Attorney for Plaintiffs*

14